58 CCPA

**Application of FARAH MANUFACTURING COMPANY, Inc.**

**Patent Appeal No. 8361.**

United States Court of Customs and Patent Appeals.

Jan. 7, 1971.

Keith Misegades, attorney of record, Misegades & Douglas, Washington, D. C., for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Associate Judges, and RE, Judge, United States Customs Court, sitting by designation.

RE, Judge.

This is an appeal, from the decision of the Trademark Trial and Appeal Board which affirmed the action of the Examiner of Trademarks in refusing to register appellant's mark. The question presented is whether appellant's mark

"Executive Model",[1] so resembles Bond Stores' previously registered marks "The Executive",[2] "Executive Group",[3] "Young Executive",[4] and "Junior Executive",[5] as to be likely to cause confusion, mistake, or to deceive. Appellant's mark is applied to men's shorts and slacks, and the marks of Bond Stores are used for a variety of men's clothing.

Pursuant to the applicable statutory provision the Patent Office shall not refuse registration unless applicant's mark so resembles a registered mark "as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d).

Appellant argued below that the cited registered marks are weak and entitled to little protection; and that its own mark emphasizes, or suggests, the style or cut of clothing, whereas the registered marks suggest the individual wearer of the goods.

The Trademark Trial and Appeal Board[6] concluded that confusion or mistake as to source would be likely, stating:

Despite the fact that the term "EXECUTIVE" is laudatory or highly suggestive in nature and is in the general category of weak marks, such marks are nevertheless entitled to some degree of protection in their field of trade. See: King-Kup Candies, Inc. v. King Candy Company, [48 CCPA 948, 288 F.2d 944] 129 USPQ 272 (CCPA, 1961). In the instant case, it is apparent that words such as "THE" and "JUNIOR" merely emphasize the word "EXECUTIVE" and that "EXECUTIVE" is the dominant feature of applicant's mark because of the obvious meaning of the word "model" in the clothing field. More-

1. Appearing in application serial No. 245,-699, filed May 16, 1966.

2. Registration No. 537,760, registered February 13, 1951.

3. Registration No. 542,745, registered May 22, 1951.

4. Registration No. 631,381, registered July 24, 1956.

5. Registration No. 803,153, registered February 1, 1966.

6. Opinion abstracted at 156 USPQ 717.

over, we do not believe that purchasers would make any such fine distinctions between the meanings of the marks as applicant would have us make.

We would only add that appellant's contention that its mark "Executive Model" suggests that the "style or cut of the garment is one commonly worn by executives", would seem to be precisely the meaning that the purchaser attaches to the registrant's mark "Executive Group".

It seems to us that the board has provided the appropriate response to appellant's arguments renewed here. We agree with its decision, and therefore *affirm*.

Affirmed.